### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINFRED PEARSON III<br>602A Yeadon Ave.<br>Yeadon, PA 19050<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>DREXEL UNIVERSITY<br>3201 Arch Street, Suite 430<br>Philadelphia, PA 19104<br><br>　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, Winfred Pearson, III (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Drexel University (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA and the PFPO once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.  This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.  Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6.  The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.  Plaintiff is an adult who resides at the above-captioned address.

8.  Drexel University is a global research university, located at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed with Defendant for approximately 16 years (including predecessor third-party companies).[2]

12. At the time of Plaintiff's termination, he was employed as a Custodian in Defendant's housekeeping department.

13. While directly employed with Defendant, from in or about 2015, Plaintiff fell under the supervision of several different supervisors, including but not limited to: Darryl (last name unknown, hereinafter "Darryl"), Cotton (last name unknown, hereinafter "Cotton"), Christopher Urquhart (hereinafter "Urquhart"), Selamawit Tedla (hereinafter "Tedla"), Fred Ferguson (hereinafter "Ferguson"), and Raye Wilson (hereinafter "Wilson").

14. Throughout Plaintiff's long employment with Defendant, he was a hard-working employee who performed his job well.

15. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to hypertension, cancer, heart conditions, and injuries suffered from an automobile accident (and associated complications/conditions).

---

[2] Plaintiff was employed by a predecessor third-party company contracted to Defendant from in or about 2007 until on or about 2015, when Defendant opted to employee in-house cleaners. Defendant hired Plaintiff directly in or about August of 2015.

16. As a result of Plaintiff's aforesaid health conditions, he suffered from breathing pain, breathing issues, mobility concerns, and fluid in his chest.

17. Despite his aforesaid health conditions and limitations, Plaintiff was still able to perform the essential functions of his job well; however, Plaintiff (at times) required some reasonable medical accommodations (*i.e.,* time off for doctor's visits and/or hospital stays).

18. Defendant's management exhibited extreme frustration with Plaintiff's health conditions and need for time off for the same.

19. In fact, Plaintiff was issued retaliatory discipline, suspended, and terminated on multiple separate occasions in close proximity to hospital visits/stays for his aforesaid health conditions.

20. For example, in or about 2021, Plaintiff informed Urquhart that he was suffering from skin cancer and needed to leave early for an important doctor's appointment; however, Urquhart hostilely informed Plaintiff that there would be consequences.

21. Plaintiff was then verbally disciplined for alleged job abandonment and/or poor performance, which he grieved through his union.

22. Thereafter on or about March 7, 2023, Plaintiff was involved in an automobile accident outside of work, wherein he suffered from back pain, head pain, and abdominal pain.

23. Following his accident, Plaintiff went to the emergency room and was given a chest x-ray, chest CT, and abdominal CT.

24. Plaintiff was released from the hospital but advised to follow-up with his primary physician due to fluid in his abdomen, which could be related to liver or kidney disease.

25.     Plaintiff remained out of work for several days (a reasonable accommodation under the ADA), but when he returned, he was assigned more laborious work, including cleaning up in a sorority house, which had no cleaning coverage for over 5 days prior.

26.     As a result of the aforementioned sorority house having no cleaning coverage for over 5 days, it was overloaded with trash and needed intensive cleaning that Plaintiff was not able to accomplish as a result of still being a bit weak from his aforesaid health conditions, and that the amount of cleaning without assistance was impossible to complete in the time Defendant required.

27.     Consequently, Defendant's management suspended Plaintiff pending termination on or about March 20, 2023, for alleged "poor performance."

28.     However, through union intervention, Plaintiff was brought back to work approximately one week later, as it was determined that management, in particular Wilson, was untruthful about assigning another employee to assist Plaintiff with clean-up in the sorority house.

29.     Thereafter, Plaintiff continued to perform his job duties well, for the next few months, until he again suffered a flare-up of his aforesaid health conditions on or about June 9, 2023.

30.     Specifically, Plaintiff was not feeling well, having a difficult time breathing, and requested the ability to Ferguson to leave and seek treatment.

31.     Ferguson, however, gave Plaintiff a hard time about leaving to care for his aforesaid health conditions, hostilely informing Plaintiff that he was not a team player.

32.     Plaintiff was then hospitalized for acute heart failure and constrictive pericarditis.

33.     Plaintiff remained in the hospital for approximately 9 days, or until on or about June 18, 2023, during which time Plaintiff's heart was "shocked" back into rhythm.

34. When Plaintiff was released from the hospital, Plaintiff was advised to consult with a cardiologist.

35. Plaintiff returned to work shortly thereafter and continued to perform his job duties well and as directed until his abrupt termination on or about July 6, 2023, for alleged "poor work performance" a few days prior on or about June 29, 2023.

36. Defendant's reason for Plaintiff's termination, however, is completely false and pretextual because (1) the room Plaintiff had purportedly not finished cleaning on or about June 29, 2023, which led to his termination, Plaintiff had never cleaned before, and he had not been provided with the right cleaning equipment; and, Plaintiff had been pulled from the room by management before it was completed to finish cleaning up after another worker in another area who was leaving early that day; (2) Plaintiff had been disciplined by management in close proximity to each time that he took leave from work for his serious health conditions during the last several months of his employment, in clear retaliation for the same; and (3) Plaintiff was terminated in very close proximity to his most recent hospitalization for acute heart failure symptoms/conditions.

37. Notably, Plaintiff inquired about the process of/requested the ability to file for FMLA leave on multiple occasions throughout the last several months of his employment with Defendant but was never provided with the proper forms to complete, both after his accident in or about March of 2023 and his hospitalization in or about June of 2023.

38. Specifically, in or about June of 2023, Plaintiff spoke to a Human Resources ("HR") representative who said he would send the necessary FMLA documents to Plaintiff, but Plaintiff never received them.  Instead, he was terminated on or about July 6, 2023.

39. Such actions constitute interference with Plaintiff's rights under the FMLA, as well as retaliation for requesting and/or utilizing FMLA-qualifying leave.

40. Plaintiff failed to properly accommodate Plaintiff's health conditions by issuing him pretextual discipline following each request for/utilization of medical leave during the last several months of his employment with Defendant and using the same as a means to terminate him.

41. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, pretextual discipline, and retaliation because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

42. Plaintiff also believes and therefore avers that his actual/perceived/record of health conditions was a motivating and/or determinative factor in the termination of his employment with Defendant.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; [3] Retaliation; and [4] Wrongful Termination)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

45. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

46. Plaintiff kept Defendant informed of his serious medical conditions and need for

medical treatment and other accommodations.

47. Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off from work for doctor's appointments, diagnostic testing, treatment, hospitalization, and to care for and treat his disabilities.

48. Plaintiff was terminated, on or about July 6, 2023, in close temporal proximity to requesting/utilizing accommodations for his own health conditions.

49. Plaintiff failed to properly accommodate Plaintiff's health conditions by issuing him pretextual discipline following each request for/utilization of medical leave during the last several months of his employment with Defendant and used the same as a means to terminate him.

50. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, pretextual discipline, and retaliation because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and (4) Defendant's failure to properly accommodate him (discussed *supra*).

51. Plaintiff also believes and therefore avers that his actual/perceived/record of health conditions was a motivating and/or determinative factor in the termination of his employment with Defendant.

52. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
**(Retaliation & Interference)**

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

55. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

56. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

57. Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

58. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

59. Plaintiff requested FMLA-qualifying leave to care for and treat his aforesaid health conditions on multiple occasions prior to his termination.

60. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to provide Plaintiff with FMLA documentation for his doctor to complete, despite his repeated requests otherwise; (4) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (5) making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA; and (6) failing to designate Plaintiff's requests for intermittent and/or block time off for his health conditions during the last year of his employment with Defendant as FMLA-qualifying or FMLA protected leave.

61. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

By: _____
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801
        *Attorneys for Plaintiff*

Dated:   May 29, 2024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Winfred Pearson III | : | CIVIL ACTION |
| v. | : | |
| Drexel University | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 5/29/2024 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 602A Yeadon Avenue, Yeadon, PA 19050

Address of Defendant: 3201 Arch Street, Suite 430, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendant place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/29/2024    _____(signature)_____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 5/29/2024    _____(signature)_____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PEARSON III, WINFRED

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
DREXEL UNIVERSITY

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- **X** 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: **X** Yes / No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/29/2024
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset